stated to the jury it was the province of the Court to declare to the jury what the law was, and, in civil cases particularly, should receive it as delivered, in their application of it, to facts, of which they were the exclusive judges. In this case, it appears, there was not any marked lines nor corners at *Page 39 
the time of the survey. Taking this view of the subject alone, the claim of the plaintiff would be invalid. But it will not be so if the potential existence of these lines and corners can be reduced to a certainty by something that is certain. In this case the plaintiff's claim has reference mediately to the spot where the State line crosses Cumberland River, which is a certain and notorious place. That, is, the tract of Stokely Donnelson for 60,400 calls for that spot, Donnelson's 25,060 acre tract calls for the north-east corner of his first tract, and the plaintiff's claim for the north-east corner of Donnelson's last tract, proceeding from west to east; thus it would seem, that the north-east corner of the plaintiff's claim is ascertainable. At the time this survey was made, it was lawful in running out lands to make some allowance for the roughness of the ground; the jury may now make the same reasonable allowance, as was then customary, and fix the boundary of the land accordingly. The jury ought, however, to be clearly satisfied that the defendant would fall within the plaintiff's claim; if not they ought to find for the defendant, and he should hold his possession.